UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BONNIE L. SALINA,

    Plaintiff,

    v.

PROVIDENCE HOSPICE OF SEATTLE, a Washington non-profit corporation, et al.,

    Defendants.

CASE NO. C02-2559RSM

ORDER ON MOTION FOR RECONSIDERATION

Plaintiff has moved for reconsideration of the Court's April 11, 2005 Order granting defendants' motion for summary judgment on all claims. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling on a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier. . . ." Local Rule CR 7(h)(1).

Plaintiff's initial basis for asking reconsideration is stated as follows:

> The Court dismissed plaintiff's ADA claim as untimely. The Court ruled that the Complaint against defendants was not filed within the 90-day window following dismissal of plaintiff's EEOC complaint. The Order states on page 3, lines 25-26, and on pages 4-5, that the EEOC claim was dismissed and plaintiff was given a 90-day Right to Sue letter on August 23, 2002. This was error by the Court.

Motion for Reconsideration, p. 2. This statement does not correctly characterize the Court's Order. As to the Court's statement on page 3, lines 25-26 of the Order, it is plaintiff who errs; the Court there

ORDER ON MOTION FOR
RECONSIDERATION - 1

stated that plaintiff's second EEOC charge was dismissed as untimely on August 23, 2002, which is the correct date.  The Notice of Right to Sue, however, was indeed dated September 30, 2002, so plaintiff's argument is correct with respect to the language at page 4-5 of the Court's Order.   Plaintiff is also correct that her complaint was timely filed within ninety days of the Notice of Right to Sue.  However, the Court's ruling on the timeliness of the ADA claim was based not on the ninety-day filing requirement of 42 U.S.C. § 2000e-5(f)(1), but rather the time limits for filing an initial charge with the EEOC under § 2000e-5(e)(1).  This section "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period."  National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 105 (2002).  The EEOC itself determined that plaintiff's August 8, 2002, charge was filed outside the §2000r-5(e)(1) statutory period, and dismissed the charge as untimely.  As this charge was based on a discrete act of discrimination, namely plaintiff's November 14, 2002, termination, she has shown no basis for enlargement of the § 2000e-5(e)(1) statutory period.  Id. at 113.  There is thus no basis for reconsideration of the Court's timeliness ruling.

Furthermore, after finding the ADA claim time-barred, the Court addressed the claim on the merits and found, as an alternative basis for summary judgment, that plaintiff did not qualify as a disabled person under the ADA.  42 U.S.C. § 12102(2).  Plaintiff's motion for reconsideration on this point amounts to re-argument of issues already considered by the Court.  As she has failed to present any facts relevant to this issue which she could not, with due diligence, have brought to the Court's attention earlier, she has shown no basis for reconsideration of this claim.

Plaintiff's remaining bases for reconsideration are similarly lacking in merit.  With respect to the FMLA claim, plaintiff asserts that the Court failed to view the facts in the light most favorable to her.  On the contrary, the Court did view the facts in the light most favorable to plaintiff, and on the FMLA claim specifically stated that her view of the facts was credited as true.  Order on Summary Judgment, p. 6.  With respect to the ERISA claim, plaintiff asserts that the Court was incorrect in stating that she presented "neither facts nor argument to oppose summary judgment on this claim."  She then points to (1) the allegations in her complaint, and (2) an untimely filed "supplemental legal authorities" in which

ORDER ON MOTION FOR
RECONSIDERATION - 2

1  she summarized § 510 of the ERISA statute, 29 U.S.C. § 1140 as stating that "any person may be liable
2  for violation of statute, not just fiduciary" [sic].  Dkt. # 64, p. 3.   Neither the complaint nor the untimely
3  supplemental citation constitutes a proper response to the motion for summary judgment, and this finding
4  is not subject to reconsideration.   As the response itself contains no reference to ERISA, and no
5  argument whatsoever in opposition to defendant's motion for summary judgment on the ERISA claim,
6  summary judgment was proper on that claim.   Dkt. # 61.
7      Plaintiff's motion for reconsideration is accordingly DENIED.

9      DATED this   24    day of   May   , 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 3